TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Quilesha Hodges,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Quilesha Hodges, <br><br> Plaintiff, <br><br> vs. <br><br> GEICO, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **FOR VIOLATIONS OF:** <br> **1. THE ELECTRONIC FUND TRANSFER ACT; AND** <br> **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Quilesha Hodges (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against GEICO (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Electronic Fund Transfer Act , 15 U.S.C. § 1693 et seq. ("EFTA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1693m(g ), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in San Jacinto, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Chevy Chase, Maryland, which engages in "electronic fund transfer(s)" as defined by 15 U.S.C. § 1693a(7), and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

2
COMPLAINT FOR DAMAGES

7. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).\

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Upon information and belief, Defendant is in the business of providing automobile insurance to consumers.

9. On or about August 5, 2016, Plaintiff contacted Defendant and requested a quote for automobile insurance.

10. Based upon Defendant's quote, Plaintiff agreed to purchase a policy from Defendant and authorized Defendant to electronically withdraw $37.15 from her debit account through my.accountnow.com (hereafter "account") to begin the policy.

11. That same day, Defendant withdrew $387.93 from Plaintiff's account.

12. Plaintiff contacted Defendant to inquire about the withdrawn funds and during a live conversation Defendant told Plaintiff that it withdrew funds in access of $37.15 to cover a past due amount (the "debt").

13. Upon information and belief, the debt in question was discharged in bankruptcy on or about July 22, 2013.

14. Plaintiff informed Defendant that the debt collected was discharged in bankruptcy.

15. Nevertheless, Defendant refused to issue Plaintiff a refund.

16. At no time did Plaintiff authorize Defendant to withdraw $387.93 from her account.

17. Defendant's actions caused economic harm to Plaintiff and caused Plaintiff to suffer a significant amount of stress, anxiety, embarrassment and frustration.

## COUNT I

### VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

20. The withdrawals from Plaintiff's account were "unauthorized electronic fund transfers" as defined in 15 U.S.C. § 1693a(12).

21. Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed unauthorized electronic fund transfers from Plaintiff's account.

22. The foregoing acts of Defendant constitute a violation of the EFTA.

23. Plaintiff is entitled to damages as a result of Defendant's violation.

## COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

26. Defendant used unfair and unconscionable means to collect a debt, which, as a violation of 15 U.S.C. § 1692f, is a violation of Cal. Civ. Code § 1788.17.

27. Defendant collected an amount from Plaintiff that was unauthorized by agreement or law, which, as a violation of 15 U.S.C. § 1692f(1), is a violation of Cal. Civ. Code § 1788.17.

28. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

29. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3) and Cal. Civ. Code § 1788.30(c);

F.  Punitive damages; and

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 27, 2017                    TRINETTE G. KENT

By:  /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Quilesha Hodges